# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES SECURITIES AND**
**EXCHANGE COMMISSION,**

    **Plaintiff,**

-vs-              Case No. 6:09-cv-1638-Orl-31KRS

**K & L INTERNATIONAL ENTERPRISES,**
**INC., SIGNATURE LEISURE, INC.,**
**SIGNATURE WORLDWIDE ADVISORS,**
**LLC, STEPHEN W. CARNES,**
**LAWRENCE A. POWALISZ, ENZYME**
**ENVIRONMENTAL SOLUTIONS, INC.,**
**and JACK E. HOCHSTEDLER,**

    **Defendants.**

_____

# ORDER

   This matter comes before the Court on the Motion for a Temporary Restraining Order, Preliminary Injunction, and for Other Relief (Doc. 2) filed by the United States Securities and Exchange Commission ("SEC"). Upon consideration of the pleadings, declarations, exhibits, and memorandum of law filed in support of the motion, the motion is **GRANTED IN PART**, as set forth in this order. In support thereof, the Court finds as follows:

   1.  This Court has jurisdiction over the subject matter of this case and over the Defendants.

   2.  The SEC has made a *prima facie* showing that the Defendants have engaged in acts, practices, and transactions constituting violations of Section 5(a) and 5(c) of the Securities Act of

1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

3.     There is good cause to believe that unless such violations are immediately restrained and enjoined by order fo this Court, the Defendants are likely to continue to violate these provisions of the federal securities laws.  There is good cause to believe that a restraint on the Defendants' ability to conduct transactions outside the ordinary course of business is appropriate.  There is good cause to believe that an order is necessary to preserve and maintain the business records from destruction.

Accordingly, the Court hereby **ORDERS** as follows:

**I.     TEMPORARY RESTRAINING ORDER**

**IT IS ORDERED AND ADJUDGED** that, pending determination of the Commission's request for a preliminary injunction, defendants K&L International Enterprises, Inc. ("K&L"), Signature Leisure, Inc. ("Signature Leisure"), Signature Worldwide Advisors, LLC ("Signature Worldwide"), Stephen W. Carnes ("Carnes"), Lawrence A. Powalisz ("Powalisz"), Enzyme Environmental Solutions, Inc. ("Enzyme Environmental"), and Jarred E. Hochstedler ("Hochstedler"), directly or indirectly through their agents, directors, officers, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from directly or indirectly: (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants, notes, or any other securities (including, but not limited to, securities issued by Enzyme Environmental, Revenge Designs, Inc., Cross Atlantic Commodities, Inc. and International Power Group, Ltd.) through the use or medium of

any prospectus or otherwise, unless and until a registration statement is in effect with the SEC as to such securities; (b) carrying securities, in the form of units, common stock, warrants, notes, or any other securities (including but not limited to securities issued by Enzyme Environmental, Revenge Designs, Inc., Cross Atlantic Commodities, Inc. and International Power Group, Ltd.), or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the SEC as to such securities; or (c) making use of any means or instruments of transportation or communications in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants, notes, or any other securities (including, but not limited to, securities issued by Enzyme Environmental, Revenge Designs, Inc., Cross Atlantic Commodities, Inc. and International Power Group, Ltd.), unless a registration statement is filed with the SEC as to such securities, or while a registration statement filed with the SEC as to such security is the subject of a refusal order or stop order (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. 77h, in violation of Sections 5(a0 and 5 (c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## II.    ASSET TRANSFER AND DISPOSAL RESTRAINT AS TO ALL DEFENDANTS EXCEPT DEFENDANTS ENZYME INTERNATIONAL AND HOCHSTEDLER

**IT IS FURTHER ORDERED** that until otherwise ordered by this Court, Defendants K&L, Signature Leisure, Signature Worldwide, Carnes, and Powalisz are prohibited from making

any payments or otherwise transferring any assets or engaging in any other transactions outside of the normal course of business.

### III. RECORDS PRESERVATION AS TO ALL DEFENDANTS

**IT IS FURTHER ORDERED** that all Defendants and their agents, servants, employees, attorneys, entities under their control, and those entities or persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering or disposing of in any manner, any papers, photographs, emails, films, recordings, memoranda, books, records, accounts, communications, and any retrievable information in computer storage, in their possession, custody or control, that refer or relate to the Commission's allegations set forth in its Complaint in this matter, or that refer or relate to Enzyme Environmental, Revenge Designs, Inc., Cross Atlantic Commodities, Inc. and International Power Group, Ltd.  Such documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy."  In addition, the Defendants are prohibited from facilitating or assisting the destruction, alteration or compromise of any evidence that is in the possession, custody, or control of third parties.

### IV. PENNY STOCK BAR AS TO ALL DEFENDANTS EXCEPT ENZYME ENVIRONMENTAL AND HOCHSTEDLER

**IT IS FURTHER ORDERED** that Defendants K&L, Signature Leisure, Signature Worldwide, Carnes, Powalisz, their officers, directors, subsidiaries, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this

order by personal service or otherwise, and each of them, are hereby temporarily restrained and prohibited from, directly or indirectly, participating in any offering of penny stock (as that term is defined in Rule 3a51-1 of the Securities Exchange Act of 1934), pursuant to Section 603 of the Sarbanes-Oxley Act of 2002, codified at 15 U.S.C. § 77t(g) and 15 U.S.C. 78u(d)(6).

## V.   RESPONSE DEADLINE

**THE DEFENDANTS ARE HEREBY ORDERED** to serve an answer or otherwise respond to the SEC's complaint and the Motion for a Temporary Restraining Order, Preliminary Injunction, and for Other Relief on or before 1 p.m. Tuesday, September 29, 2009.

## VI.   PRELIMINARY INJUNCTION HEARING DATE

**IT IS FURTHER ORDERED** that the Court will hold a hearing at 1 p.m. Wednesday, September 30, 2009 on the issue of whether a preliminary injunction should issue in accordance with the prayer for relief in the SEC's submissions to the Court.  A separate notice of hearing will be issued by the Court.

**AND IT IS FURTHER ORDERED** that, absent further order of this Court or agreement of the parties in this matter, this order shall expire at 11:59 p.m. on Thursday, October 1, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 25, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party